Filed 8/28/20  P. v. Bates CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C090126 |
| Plaintiff and Respondent, | (Super. Ct. No. 17F184) |
| v. | |
| BILLY RAY BATES, JR., | |
| Defendant and Appellant. | |

After defendant Billy Ray Bates, Jr., was found guilty of a lewd act on a child under 14 years of age, the trial court imposed an eight-year state prison sentence and a permanent no-contact order. The court did not cite any statute or give any reasons to justify the order. The parties agree that the applicable statute, Penal Code[1] section 136.2, subdivision (i)(1) (hereafter "section 136.2(i)(1)"), leaves it to the court's discretion whether to make a no-contact order but limits any such order to a maximum of 10 years.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant contends we must remand because the court's permanent no-contact order was unauthorized; the Attorney General agrees. We shall remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2017, defendant touched 11-year-old C.M.'s vaginal and chest area outside of her clothes. An information accused defendant of a lewd act on C.M., a child under 14. (§ 288, subd. (a).) The jury found defendant guilty.

At sentencing, the trial court denied defendant's request for probation because he failed to show remorse or take responsibility for his actions, sentenced defendant to the upper term of eight years, and ordered him to register as a sex offender for life under section 290. The court also imposed a "permanent restraining order" against defendant as to C.M. On the no-contact protective order, the expiration date stated it "[d]oes not expire." Defense counsel did not object.

DISCUSSION

Section 136.2(i)(1) provides as relevant: "When a criminal defendant has been convicted of. . . a crime that requires the defendant to register pursuant to subdivision (c) of Section 290,[2] the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime. The order may be valid for up to 10 years, as determined by the court. This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail or subject to mandatory supervision, or whether imposition of sentence is suspended and the defendant is placed on probation. It is the intent of the Legislature in enacting this subdivision that the duration of a restraining order issued by the court be

---

[2]    Those who violate section 288 must register under section 290, subdivision (c).

2

based upon the seriousness of the facts before the court, the probability of future violations, and the safety of a victim and the victim's immediate family."

The parties agree that section 136.2(i)(1) is the only possible statutory source of authority for the no-contact order issued by the trial court, but that the order violates the express terms of section 136.2(i)(1) because it is permanent and does not expire. Furthermore, the court ignored the Legislature's clear directive that a court must (a) determine whether to issue a no-contact order, (b) if it does so, determine the order's duration (not to exceed 10 years), and (c) state reasons to justify that duration.

Because the order issued here had no time limit, it exceeded the court's jurisdiction under section 136.2(i)(1) and constitutes an unauthorized sentence. Therefore, defendant did not need to object below to preserve the issue for appeal. (See *People v. Robertson* (2012) 208 Cal.App.4th 965, 995-996; see generally *People v. Scott* (1994) 9 Cal.4th 331, 354.)

On remand, the trial court is directed to follow the plain terms of section 136.2(i)(1) by determining the duration of any no-contact order it may impose and explaining that duration in accordance with the factors spelled out in the statute.

DISPOSITION

The matter is remanded so the trial court may exercise its discretion under section 136.2(i)(1). In all other respects, the judgment is affirmed.

　　　　　/s/　　　　　　　
BLEASE, Acting P. J.

We concur:

　　　/s/　　　　　　　
MAURO, J.

　　　/s/　　　　　　　
DUARTE, J.